**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TYREE MORTON,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:22-cr-0016 |

## ORDER

**BEFORE THE COURT** is Defendant Tyree Morton's ("Morton") unopposed Motion to Continue Motions Deadline and Trial Date, ECF No. 18, currently scheduled for May 23, 2022. For the reasons stated herein, the time to try this case is extended up to and including September 26, 2022.

This matter commenced on February 21, 2022, when the United States (the "Government") filed a criminal complaint against Morton, who made his initial appearance on February 23, 2022. The Government filed an information charging Morton with one count of Possession with Intent to Distribute more than 500 Grams of Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). (ECF No. 12.)

On April 25, 2022, Morton filed a motion to continue the motions deadline and trial date. (ECF No. 18.) In his motion, Morton argues that, upon reviewing the discovery, he identified areas needing fact investigation and further legal research. As such, Morton requests a continuation of the motions deadline by at least sixty (60) days and a continuance of the trial date "to a date commensurate with the new motions deadline." *Id.* at 2.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow Morton sufficient time to prepare for trial.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 26, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Defendant Morton's Motion to Continue Motions Deadline and Trial Date—Unopposed, ECF No. 18, is hereby **GRANTED**; it is further

**ORDERED** that the Motions deadline is **EXTENDED** to June 27, 2022; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than September 16, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 21, 2022;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for May 23, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on September 26, 2022, in St. Thomas Courtroom 1.

**Dated:** May 4, 2022                         */s/ Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.